COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CARY ANTHONY MAULDIN, | § | No. 08-09-00028-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 195th Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | | of Dallas County, Texas |
| | § | |
| Appellee. | | (TC# F-0774060-N) |
| | § | |

**O P I N I O N**

Cary Anthony Mauldin appeals his conviction of aggravated robbery with a deadly weapon. At trial, Appellant pled not guilty to the indictment and invoked his right to trial by jury. The jury found him guilty in late 2008 and assessed a punishment of incarceration for 17 years. The trial court entered a judgment of conviction by jury and sentenced Appellant accordingly. Appellant then filed a motion for new trial, which was overruled. On appeal, he challenges the trial court's judgment on the basis that the evidence is factually insufficient to show he committed an offense.

In November 2007, Javar Jones was driving his 1997 Toyota Camry to a friend's house when he stopped at a convenience store. When he pulled up to the store, he saw two parked cars with tinted windows. As Mr. Jones got out of his car, he heard a car door slam and footsteps behind him. Then, a black man ran up to Mr. Jones and demanded money. The robber was holding a gray automatic gun, which was partially pulled out of his left pocket. The man told Mr. Jones to "drop out" or "fall out," but Mr. Jones did not understand. Mr. Jones showed the

man that his wallet was empty, but then dug into his pocket and gave the man a few dollars.

Mr. Jones also gave his chain necklace and credit card to the man, but he hesitated when the man

asked him for his car keys. The man eventually took Mr. Jones's car keys, but he had trouble

getting into the car because the driver's side door was broken, and so he demanded Mr. Jones to

go over and help him open the door. Mr. Jones refused to comply. After the man entered the car

through the passenger's side door and drove off, the two other vehicles at the store followed

behind.

In his sole issue, Appellant argues the trial court erred in entering his aggravated robbery

conviction because the evidence is factually insufficient to sustain it. However, since

Appellant's brief was filed, the Texas Court of Criminal Appeals has ruled that the only standard

applicable to determine whether the evidence is sufficient to support each element of a criminal

offense is the *Jackson v. Virginia* legal sufficiency standard. *See Brooks v. State*, No. PD-0210-

09, 2010 WL 3894613, at *14 (Tex.Crim.App. Oct. 6, 2010). Therefore, in the interests of

justice, and in light of the *Brooks* decision, we will construe Issue One as a challenge to the legal

sufficiency of the evidence. *See id*. at *5.

A legal sufficiency review requires the appellate court to determine whether,

"considering all of the evidence in the light most favorable to the verdict was a jury rationally

justified in finding guilt beyond a reasonable doubt." *See Brooks v. State*, 2010 WL 3894613, at

*5, *citing Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

When conducting such a review, this Court is required to defer to the jury's role as the sole judge

of witness credibility, and the weight their testimony is to be afforded. *Brooks*, 2010 WL

3894613, at *5.

The first of his multivariate contentions is that there was conflicting testimony at trial

about how he came to be driving the victim's car so that the State failed to establish his identity as the robber. Appellant then criticizes the identification of Appellant as the perpetrator as flawed because the Appellant was not apprehended until days after the robbery. Appellant argues that even though Mr. Jones identified Appellant in a photo lineup, there were discrepancies in Mr. Jones's and another witness's descriptions of the suspect, and Appellant's actual physical characteristics. He next points to the fact that no fingerprints were obtained from the recovered vehicle, and no weapon was ever discovered, must cast doubt on Mr. Jones's "identification and credibility." And he finally argues the record clearly shows that Mr. Jones's credibility was "not pristine" because Mr. Jones initially lied about what he had been doing on the day of the offense.

A person commits robbery if, in the course of committing theft and with the intent to obtain or maintain control of property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX.PENAL CODE ANN. § 29.02(a)(3)(Vernon 2003). A person commits aggravated robbery if he commits robbery and uses or exhibits a deadly weapon. *Id*. at § 29.03(a)(2). Under the Penal Code, a deadly weapon is anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. TEX.PENAL CODE ANN. § 1.07(a)(17)(B)(Vernon Supp. 2010).

At trial, Mr. Jones identified Appellant as the man who approached him in front of the convenience store on November 28, 2007, and demanded money from him while displaying a gun. Mr. Jones testified that although the incident occurred at night, the lighting in front of the store where the incident occurred was "perfect." Mr. Jones also testified that the suspect was about two or three feet away from him, and the suspect's gun made Mr. Jones feel "scared for [his] life." After the suspect entered Mr. Jones's car and drove off, Mr. Jones went into the store

-3-

and asked the clerk to call the police to report the incident. He contacted Detective Randle the next day to provide a statement of the incident. Mr. Jones subsequently identified Appellant in a photo lineup, and at trial, he affirmed that the person he identified in the lineup was sitting in the courtroom.

Mr. Jones admitted that he lied about what he had been doing on the day of the offense. At first, he told the State that he went to the convenience store for a soda after attending school, but he later revealed that he did not go to school that day; instead, he was just hanging out with friends. However, he testified that he was truthful about the actual incident in front of the convenience store.

Senior Corporal Patricia Reyes of the Dallas Police Department identified Appellant as the driver of the blue Toyota Camry that was reported stolen the night of the incident. When she stopped the car on November 30, 2007, for speeding, she recalled only seeing one person in the car, and he got out of the car through the passenger side door. As soon as he was out, he ran off, and that was when she heard an audio alert from the patrol car that the vehicle was stolen. Felicia Reed Pedraza, a police officer and patrol officer in Dallas, testified that she assisted Officer Reyes in the search for the fleeing driver, and that she and Officer Reyes both heard a description of the suspect over the radio: he was wearing a white shirt, khaki pants, and he was a black male.

Even though testimonies by the witnesses at trial conflicted, we regard the jury's verdict as conclusive because the jury is the sole judge of the witnesses' credibility and the weight attributed to their testimony. *See Brooks*, 2010 WL 3894613, at *5. In this case, the jury found credibility in the testimonies presented by the State, and believed Mr. Jones's testimony that Appellant was the robber. As such, Appellant does not succeed in his contentions that there

were contradictory testimonies regarding how he came to drive the vehicle in question, and that Mr. Jones's credibility was "not pristine."

Considering all the evidence in the light most favorable to the verdict, we conclude the jury was rationally justified in finding Appellant's guilt beyond a reasonable doubt. *See Brooks*, 2010 WL 3894613, at *5. Accordingly, Appellant's legal sufficiency argument fails, and we overrule Issue One. Having overruled Appellant's sole issue presented for review, we affirm the trial court's judgment.

November 10, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)